820 A.2d 159

**ST. PAUL FIRE & MARINE INSURANCE COMPANY
and Titusville Area Hospital, Appellants,**

v.

**COMMONWEALTH of Pennsylvania, Medical Professional
Liability Catastrophe Loss Fund, Appellees.**

Supreme Court of Pennsylvania.

Nov. 25, 2002.

Reargument Denied Jan. 22, 2003.

## *ORDER*

PER CURIAM.

**AND NOW,** this 25th day of November, 2002, the order of the Commonwealth Court is **AFFIRMED** and Appellants' Application for Oral Argument is **DENIED.**

Justice SAYLOR files a dissenting statement in which Justice NIGRO joins.

Justice SAYLOR dissenting.

Certainly the CAT Fund possesses broad discretion in the settlement of medical malpractice actions that implicates substantial deference from the judiciary. But the central allegation in this case is that the CAT Fund has implemented a practice of manipulating settlement allocations among health care provider defendants that are alleged to be jointly and/or severally liable, not based upon a fair assessment of the potential liability attributable to each defendant, but for the sole purpose of shifting a substantial portion of the burden of large settlements from the CAT Fund to excess carriers. Such a practice, if proved, at least arguably could exceed the limits of justifiable deference. Further, although it might be in technical compliance with statutory provisions, manipulation of collateral consequences of joint and/or several liability in such a manner is arguably in tension with the legislative policy directed to preserving the character of excess coverage within the statutory scheme regulating healthcare practice insurance. *See, e.g.,* 40 P.S. § 1301.705(a) ("No insurer providing excess professional liability insurance to any health care provider eligible for coverage under the fund shall be liable for payment of any claim against a health care provider for any loss or damages except those in excess of the fund coverage limits.") (repealed and presently reenacted in modified form, at 40 P.S. § 1303.711(h)(1)).

In my view, the averments of the petition for review were sufficient to withstand a demurrer. I therefore respectfully

dissent from the Court's *per curiam* Order affirming the dismissal of Appellants' petition.

Justice NIGRO joins this dissenting statement.